ORIGINAL

LODGED
FILED —— RECEIVED

SEP 15 2003

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA/SEATTLE
BY                                    DEPUTY

Received From
FEB 2 8 2003

—— FILED ——— ENTERED
—— LODGED ——— RECEIVED

FEB 2 6 2003   PM

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                              DEPUTY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

|  |  |
|---|---|
| UNITED STATES OF AMERICA, )<br><br>Plaintiff, )<br><br>v. )<br><br>MARY JANE ANDERSON, B&L TRUCKING, )<br>BOARDMAN WARREN BROWN, BUFFELEN )<br>WOODWORKING COMPANY, CAMILLE FJETLAND, )<br>CITY OF TACOMA/DEPARTMENT OF PUBLIC )<br>UTILITIES, CITY OF TACOMA, DUNLAP TOWING )<br>COMPANY, EXECUTIVE BARK, HYLEBOS MARINA,)<br>INC., JUDY JOHNSON, LOUISIANA-PACIFIC CORP., )<br>MANKE LUMBER COMPANY, INC., MCFARLAND )<br>CASCADE HOLDINGS, INC., MODUTECH )<br>MARINE, INC., MURRAY PACIFIC CORP., )<br>OLIN CORPORATION, RON OLINE, PAN PACIFIC )<br>TRADING, RAIL & LOCOMOTIVE EQUIPMENT CO., )<br>JOSEPH SIMON & SONS, SOUND REFINING, INC., )<br>SRS PROPERTIES, ESTATE OF LESLIE P. SUSSMAN, )<br>SOPHIE SUSSMAN, CARL AND ELAINE SWINDAHL, )<br><br>Defendants. )<br>_____ ) | CIVIL ACTION NO.<br><br>**C03-5107** RBL<br>FDB<br><br>**CONSENT DECREE**<br><br>**HYLEBOS WATERWAY<br>PROBLEM AREAS** |

CONSENT DECREE
Commencement Bay Nearshore/Tideflats
Superfund Site

Page 1

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

**03-CV-05107-MISC**

## TABLE OF CONTENTS

I. BACKGROUND ................................................. 3

II. JURISDICTION .............................................. 8

III. PARTIES BOUND ............................................ 8

IV. STATEMENT OF PURPOSE ...................................... 8

V. DEFINITIONS ............................................... 9

VI. PAYMENT .................................................. 13

VII. FAILURE TO COMPLY WITH CONSENT DECREE .................... 17

VIII. CERTIFICATION OF SETTLING DEFENDANTS AND
      SETTLING FEDERAL AGENCIES ............................... 19

IX. ACCESS/INSTITUTIONAL CONTROLS /RESPONSIBILITY
      FOR DOCK AND STRUCTURE REPAIR ........................... 20

X. COVENANT NOT TO SUE BY UNITED STATES ...................... 24

XI. RESERVATIONS OF RIGHTS BY UNITED STATES .................. 27

XII. COVENANT NOT TO SUE BY SETTLING DEFENDANTS .............. 30

XIII. EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION ........... 31

XIV. RETENTION OF JURISDICTION ............................... 32

XV. INTEGRATION/APPENDICES ................................... 32

XVI. PUBLIC COMMENT .......................................... 33

XVII. EFFECTIVE DATE .......................................... 33

XVIII. SIGNATORIES/SERVICE .................................... 34

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

# I. BACKGROUND

A. As a result of the release or threatened release of hazardous substances at or from the Commencement Bay Nearshore/Tideflats Superfund Site in the City of Tacoma, Pierce County, Washington ("CB/NT Site"), the U.S. Environmental Protection Agency ("EPA") and other governmental and private entities have undertaken response actions at or in connection with the CB/NT Site under Section 104 and Section 106 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended ("CERCLA"), 42 U.S.C. §§ 9604 and 9606, and will undertake response actions in the future. In performing these response actions, EPA and other governmental and private entities have incurred and will continue to incur Response Costs at or in connection with the CB/NT Site.

B. On September 8, 1983, EPA placed the CB/NT Site on the National Priorities List pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605.

C. Under a Cooperative Agreement with EPA, the Washington Department of Ecology (Ecology) conducted a Remedial Investigation and Feasibility Study (RI/FS) of the CB/NT Site. Within the Tideflats area of the CB/NT Site, the RI/FS evaluated the nature and extent of contamination in the Sitcum, Blair, Milwaukee, Hylebos, St. Paul, Middle, Thea Foss (formerly known as City), and Wheeler-Osgood Waterways. Pursuant to Section 117 of CERCLA, 42 U.S.C. § 9617, EPA published notice of completion of the Feasibility Study and of the proposed plan for remedial action for the CB/NT Site in February 1989.

D. Because of the complexity of the CB/NT Site, Superfund response actions at the CB/NT Site are currently coordinated under seven operable units managed primarily by EPA and Ecology, including: (1) Operable Unit 01 - CB/NT Sediments; (2) Operable Unit 02 - ASARCO Tacoma Smelter; (3) Operable Unit 03 - Tacoma Tar Pits; (4) Operable Unit 04 -

CONSENT DECREE
Commencement Bay Nearshore/Tideflats
Superfund Site

Page 3

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

1  ASARCO Off-Property; (5) Operable Unit 05 - CB/NT Sources; (6) Operable Unit 06 -

2  ASARCO Sediments; and (7) Operable Unit 07 - ASARCO demolition.

3  E. On September 30, 1989, EPA issued a Record of Decision (ROD) that selected the

4  remedy for remediation of sediments, OU1, and sources of contamination, OU5. The ROD

5  identified eight (8) problem areas within OU1 that required sediment cleanup. The eight

6  problem areas were the Head and Mouth of the Hylebos Waterway, Sitcum Waterway, St.

7  Paul Waterway, Middle Waterway, Head and Mouth of the Thea Foss Waterway (formerly

8  City Waterway), and Wheeler-Osgood Waterway. Notice of the final plan was published in

9  accordance with Section 117(b) of CERCLA.

10  F. EPA determined in the ROD that there were five major elements of the selected

11  remedy for the CB/NT Site sediments and sources that will be applied, as appropriate, to each

12  problem area:

13  i. Site Use Restrictions - To protect human health by limiting access to edible

14  resources prior to and during implementation of source and sediment remedial

15  activities.

16  ii. Source Control - To be implemented to prevent recontamination of sediments.

17  iii. Natural Recovery - Included as a preferred remediation strategy for marginally

18  contaminated sediments that are predicted to achieve acceptable sediment quality

19  through either biodegradation, or burial and mixing with naturally accumulating clean

20  sediments within a ten (10) year period.

21  iv. Sediment Remedial Action - To address sediments containing contamination that

22  is not expected to naturally recover within 10 years. The ROD required active

23  sediment cleanup using one of the following four technologies: in-place capping,

24

25  CONSENT DECREE
    Commencement Bay Nearshore/Tideflats
26  Superfund Site

    Page 4
27

    United States Department of Justice
    Environmental & Natural Resources Division
    Environmental Enforcement Section
    P.O. Box 7611
    Ben Franklin Station
    Washington, D.C. 20044

28

1  dredging and confined aquatic disposal, dredging and nearshore disposal, or dredging

2  and upland disposal. The disposal option is to be identified during design of the

3  remedial action.

4  v. Source and Sediment Monitoring - To refine cleanup volume estimates,

5  characterize the effectiveness of source controls, and implement long-term monitoring

6  of the remedial action(s) to ensure long-term protectiveness of the remedy.

7  G. Under a State Cooperative Agreement, EPA and the Washington Department of

8  Ecology agreed that Ecology would implement OU5 source control actions using state law

9  authorities and EPA would stay in the lead for implementing the sediment cleanup, OU1.

10  H. This Consent Decree involves settlement of claims for recovery of Response Costs

11  associated with the Mouth and Head of the Hylebos Waterway Problem Areas. The ROD

12  determined that natural recovery will not sufficiently reduce contaminant concentrations in

13  some areas of the Mouth and Head of the Hylebos Waterway within the ten (10) year period,

14  so the ROD required active sediment cleanup with one (1) of the four (4) technology options

15  of the remedy.

16  I. On November 29, 1993, six entities (collectively known as the Hylebos Cleanup

17  Committee or "HCC") entered into an Administrative Order on Consent ("HCC AOC") with

18  EPA for the preparation of, performance of, and reimbursement of oversight costs for Pre-

19  remedial Design Activities for the Hylebos Waterway Problem Areas. The objectives of the

20  HCC AOC were: (1) to perform pre-remedial design work for the Hylebos Waterway

21  consistent with the ROD; (2) to perform analyses and studies needed by EPA to select a

22  Remediation Plan, including an acceptable confined disposal site and any necessary mitigation

23  which attains Sediment Quality Objectives identified in the ROD, and all applicable or

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

1  relevant and appropriate requirements; and (3) provide for recovery by EPA of its response

2  and oversight costs incurred with respect to the implementation of this Order. By letter dated

3  November 8, 2001, EPA confirmed that all activities required by the HCC Order were

4  performed, except remaining oversight billings, in accordance with Section XXVI of the HCC

5  Order.

6  J. On August 3, 2000, EPA issued an Explanation of Significant Differences (ESD),

7  in compliance with Section 117(c) of CERCLA, that explains differences in the Remedial

8  Action that significantly change, but do not fundamentally alter, the remedy selected in the

9  ROD. The ESD addressed cleanup plans for two waterways within the CB/NT Site, selected

10  disposal sites for all remaining contaminated sediment to be dredged and confined from the

11  CB/NT Site, provided additional performance standards, and documented other differences

12  from the ROD. Based on the studies and analysis conducted under the HCC AOC with

13  respect to the Hylebos Waterway, the ESD provides details for: the cleanup of the areal extent

14  of sediment contamination in the Hylebos Waterway and the estimated volume of sediment

15  that requires remediation; designation of areas that are projected to naturally recover within 10

16  years of remedial action; EPA's decision to dispose of contaminated sediments in Blair Slip 1

17  and an upland regional landfill; performance standards for mitigation for the Remedial

18  Action; and the estimated cost of the Remedial Action at the Hylebos Waterway. Notice and

19  public comment were taken on the ESD and notice of the final ESD was published in

20  accordance with Section 117(c) of CERCLA.

21  K. Certain of the Settling Defendants and other parties entered into an allocation

22  agreement which established a process by which a third-party, neutral allocator would

23  determine shares of liability for all potentially responsible parties associated with the Hylebos

24

25  CONSENT DECREE                                    United States Department of Justice
    Commencement Bay Nearshore/Tideflats             Environmental & Natural Resources Division
26  Superfund Site                                    Environmental Enforcement Section
                                                      P.O. Box 7611
    Page 6                                            Ben Franklin Station
27                                                    Washington, D.C. 20044

28

1   Waterway Problem Areas. The allocator's report, titled "Hylebos Waterway-Allocator's Final

2   Cost Allocation Formula Report, dated May 22, 2000 ("Allocator's Report"), assessed the

3   Settling Defendants' and Settling Federal Agencies' share of Response Costs and formed a

4   basis for this settlement. EPA independently reviewed the Allocator's Reports and other

5   pertinent information, and, as to the Settling Defendants and Settling Federal Agencies only,

6   accepts the allocator's numerical allocation for purposes of this settlement.

7       L. The Settling Defendants do not admit any liability arising out of the transactions or

8   occurrences alleged to have occurred in connection with the Hylebos Waterway Problem

9   Areas within the CB/NT Site. The Settling Federal Agencies do not admit any liability arising

10  out of the transactions or occurrences alleged in any counterclaim asserted by the Settling

11  Defendants.

12      M. In a consent decree entered in the U.S. District Court for the Western District of

13  Washington on May 28, 1997 in United States, et al. v. the City of Tacoma and the Tacoma

14  Public Utility, Civil Action No. C97-5336 RJB, the City of Tacoma and Tacoma Public

15  Utilities resolved their liability for damages for injury to natural resources under federal, state

16  and tribal trusteeship resulting from the release of hazardous substances at the CB/NT Site.

17      N. The United States and Settling Defendants agree, and by entering this Consent

18  Decree, this Court finds that settlement without further litigation and without the admission or

19  adjudication of any issue of fact or law is in the public interest and is the most appropriate

20  means of resolving this action with respect to Settling Defendants, and that this Consent

21  Decree is fair, reasonable, and in the public interest.

22      THEREFORE, with the consent of the Parties to this Consent Decree, it is

23  ORDERED, ADJUDGED, and DECREED:

CONSENT DECREE
Commencement Bay Nearshore/Tideflats
Superfund Site

Page 7

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

## II. JURISDICTION

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b), and also has personal jurisdiction over Settling Defendants. Settling Defendants consent to and shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III. PARTIES BOUND

2. This Consent Decree is binding upon and inures to the benefit of the United States and the Settling Defendants and their heirs, successors and assigns. Any change in ownership or corporate or other legal status of a Settling Defendant, including but not limited to, any transfer of assets or real or personal property shall in no way alter such Settling Defendant's responsibilities under this Consent Decree. This Consent Decree does not bind any person or State agency that is not a party to it.

## IV. STATEMENT OF PURPOSE

3. By entering into this Consent Decree, the mutual objectives of the Parties are:

    a. to reach a final settlement among the Parties pursuant to Section 122 of CERCLA, 42 U.S.C. § 9622, by allowing Settling Defendants to make a cash payment, including a premium, to resolve their alleged civil liability under Sections 106 and 107 of CERCLA, 42 U.S.C. §§ 9606 and 9607 for injunctive relief with regard to the Hylebos Waterway Problem Areas, and for Response Costs incurred and to be incurred at or in connection with the Hylebos Waterway Problem Areas, except the reimbursement claims for cost overruns reserved against Settling Defendants which pay a 50% premium and subject to the Reservation of Rights by the United States in Section XI; and to resolve the claims of the

CONSENT DECREE
Commencement Bay Nearshore/Tideflats
Superfund Site

Page 8

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

1 Settling Defendants which have been or could have been asserted against the United States

2 with regard to this Site as provided in this Consent Decree, thereby reducing litigation relating

3 to the Hylebos Waterway Problem Areas;

4        b. to simplify any remaining administrative and judicial enforcement activities

5 concerning the Hylebos Waterway Problem Areas by reducing the number of potentially

6 responsible parties from further involvement at the Hylebos Waterway Problem Areas with

7 respect to Response Costs; and

8        c. to obtain settlement with Settling Defendants and Settling Federal Agencies

9 for reimbursement of a portion of Response Costs incurred and to be incurred at or in

10 connection with the Hylebos Waterway Problem Areas by the EPA Hazardous Substance

11 Superfund and by private parties, and to provide for contribution protection for Settling

12 Defendants and the United States with regard to the Response Costs, pursuant to Sections

13 113(f)(2) and 122 of CERCLA, 42 U.S.C. §§ 9613(f)(2) and 9622, and as set forth in

14 Paragraph 32 of this Consent Decree.

15 <center>V. DEFINITIONS</center>

16     4. Unless otherwise expressly provided herein, terms used in this Consent Decree that

17 are defined in CERCLA or in regulations promulgated under CERCLA shall have the

18 meaning assigned to them in the statute or regulations. Whenever the terms listed below are

19 used in this Consent Decree, the following definitions shall apply:

20        a. "CERCLA" shall mean the Comprehensive Environmental Response,

21 Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601, et seq.

22

23

24

25 CONSENT DECREE
Commencement Bay Nearshore/Tideflats
26 Superfund Site

Page 9
27

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

28

b. "Consent Decree" or "Decree" shall mean this Consent Decree and all appendices attached hereto. In the event of conflict between this Consent Decree and any appendix, the Consent Decree shall control.

c. "Commencement Bay Nearshore/Tideflats Superfund Site" ("CB/NT Site") shall mean the entire Commencement Bay Nearshore/Tideflats Superfund Site and project area, including contaminated sediments and sources of contamination within the CB/NT Site, located in the City of Tacoma, Pierce County, Washington, and as defined in the CB/NT Record of Decision, dated September 30, 1989.

d. "Day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

e. "EPA" shall mean the United States Environmental Protection Agency and any successor departments, agencies, or instrumentalities.

f. "EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

g. "Escrow Account" shall mean the interest-bearing private trust established by the Settling Defendants pursuant to this Consent Decree.

h. "Hylebos Waterway Problem Areas" and/or "Site" shall mean all areas in which contaminated sediments are located, intertidal and subtidal, that require remedial action at and adjacent to the Mouth and the Head of the Hylebos Waterway, which are two of eight Problem Areas only within OU1 of the CB/NT Site. These Problem Areas are described in the CB/NT Site Record of Decision, dated September 30, 1989, and are more specifically delineated in the Figures 3A, 3B, and 3C in the August 3, 2000 ESD. These terms do not

CONSENT DECREE
Commencement Bay Nearshore/Tideflats
Superfund Site

Page 10

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

1   include Area 5106 which is specifically designated in an Action Memorandum dated July 6,

2   2001, and property which is the subject of OU5, which encompasses upland properties

3   adjacent to the Hylebos Waterway that are past, present or future sources of hazardous

4   substances to the Hylebos Waterway Problem Areas.

5          i.   "Hylebos Waterway Problem Areas Special Account" shall mean the

6   special account established at the Site by EPA pursuant to Section 122(b)(3) of CERCLA, 42

7   U.S.C. §9622(b)(3), and created by the Consent Decree entered in U.S. v. Bay Chemical

8   Company, et al, C99-5521 (RJB), by the U.S. District Court for the Western District of

9   Washington on June 23, 2000.

10         j.   "Interest" shall mean interest at the current rate specified for interest on

11  investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507,

12  compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The

13  applicable rate of interest shall be the rate in effect at the time the interest accrues.

14         k.   "Owner Settling Defendants" shall mean those parties identified in

15  Appendix A as  Owner Settling Defendants , or those Settling Defendants on Appendix A that

16  may be identified during remedial design as a person who owns or controls a portion of the

17  Hylebos Waterway Problem Areas or property on or at which response action will be taken or

18  that is needed for the implementation of response action at the Site.

19         l.   "Paragraph" shall mean a portion of this Consent Decree identified by an

20  Arabic numeral or an upper or lower case letter.

21         m.   "Parties" shall mean the United States and the Settling Defendants.

22         n.   "Section" shall mean a portion of this Consent Decree identified by a

23  roman numeral.

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

o.  "Settling Defendants" shall mean those persons, corporations, state or local government agencies, departments or instrumentalities or other entities listed in Appendix A, including Owner Settling Defendants..

p.  "Settling Federal Agencies" shall mean those departments, agencies, and instrumentalities of the United States identified in Appendix A, which are resolving any claims which have been or could be asserted against them with regard to this Site as provided in this Consent Decree.

q.  "Record of Decision" or "ROD" shall mean the EPA Record of Decision relating to the Site signed on September 30, 1989,  by the Regional Administrator, EPA Region 10, all attachments thereto and incorporating all significant differences thereto documented in the ESD issued on July 28 , 1997 and the ESD issued on August 3, 2000.  The 2000 ESD may be referred to or discussed individually or separately from the 1989 ROD in this Consent Decree where appropriate.

r.  "Response Costs" shall mean all costs of "response" as that term is defined by Section 101(25) of CERCLA, 42 U.S.C. §9601(25), and incurred in connection to the Hylebos Waterway Problem Areas.  Response Costs shall also include any CB/NT area-wide site costs billed to the CB/NT area-wide account that EPA may attribute or allocate to the Hylebos Waterway Problem Areas.  Response Costs shall not include costs related to upland hazardous waste cleanups and/or source control which were incurred by any entity.   The phrase "past Response Costs" shall mean all costs incurred through September 30, 2001, including interest thereon.  The phrase "future Response Cost" shall mean all Response Costs other than past Response Costs.

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

s. "United States" shall mean the United States of America, including all of its departments, agencies, and instrumentalities, which includes without limitation EPA, the Settling Federal Agencies and any federal natural resources trustee.

## VI. PAYMENT

5. Payment.

a. Within forty-five (45) days of entry of this Consent Decree, each Settling Defendant shall pay the amounts set forth for that Settling Defendant in Appendix B or C to this Consent Decree (the "Total Payment Amount") into the Escrow Account described in Paragraph 7 below.

b. As soon as reasonably practicable after the effective date of this Consent Decree, the United States, on behalf of the Settling Federal Agencies, shall:

i) Pay to the Escrow Account established under Paragraph 7 below, the Total Payment Amount provided in Appendix C to this Consent Decree, in reimbursement of past and future Response Costs which payment includes a premium payment for Future Response Costs.

ii) If the payment to the escrow account required by this subparagraph is not made as soon as reasonably practicable, the Director or Deputy Director of the Environmental Cleanup Office may raise any issues relating to payment to the appropriate DOJ Assistant Section Chief for the Environmental Defense Section. In any event, if this payment is not made within 120 days after the effective date of this Consent Decree, EPA and DOJ have agreed to resolve the issue within 30 days in accordance with a letter agreement dated December 28, 1998.

CONSENT DECREE
Commencement Bay Nearshore/Tideflats
Superfund Site

Page 13

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

1    6.  Each Settling Defendant's and Settling Federal Agency's payment includes an

2    amount for:

3        a.  past Response Costs incurred at or in connection with the Hylebos

4    Waterway Problem Areas; and

5        b.  future Response Costs to be incurred at or in connection with the Site; and

6        c.  either as follows:

7            i)  A one hundred percent (100%) premium to cover the risks and

8    uncertainties associated with this settlement, including but not limited to, the risk that total

9    Response Costs incurred or to be incurred in connection with the Hylebos Waterway Problem

10   Areas, by any entity, will exceed the cost estimate for future Response Costs of $56,056,407

11   million or exceed the amount other PRPs can contribute (Settling Defendants who have

12   selected the 100% premium are listed in Appendix B); or

13           ii)  A fifty percent (50%) premium to cover the risks and uncertainties

14   associated with this settlement, including but not limited to, the risk that total Response Costs

15   incurred or to be incurred in connection with the Hylebos Waterway Problem Areas, by any

16   entity, will exceed the cost estimate for future Response Costs of  $56,056,407 million or

17   exceed the amount other PRPs can contribute (Settling Defendants who have selected the 50%

18   premium and the United States on behalf of the Settling Federal Agencies are listed in

19   Appendix C).  EPA expressly reserves the right to recover further proportionate Response

20   Costs in accordance with the formulae contained in Appendix C from Settling Defendants

21   listed in Appendix C and the Settling Federal Agencies who selected this 50% premium in the

22   event actual total future Response Costs exceed the cost estimate for future Response Costs of

23   $56,056,407.

CONSENT DECREE
Commencement Bay Nearshore/Tideflats
Superfund Site

Page 14

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

7. Escrow Account.

    a.  Settling Defendants shall establish an interest-bearing Escrow Account no later than ten (10) days after the date of lodging of this Consent Decree.

    b.  The escrow agreement, which will establish and govern the Escrow Account, is provided in Appendix D.

    c.  The purpose of the Escrow Account is to receive payments from Settling Defendants and Settling Federal Agencies, as is provided in Paragraph 5, to earn interest, and to provide funds to finance response actions taken or to be taken at or in connection with the Hylebos Waterway Problem Areas. The funds shall be disbursed from the Escrow Account in accordance the escrow agreement under conditions which are described in paragraph 7(d) below. Under the terms of the escrow agreement, EPA , in its sole discretion,  shall determine  whether the conditions for distribution of the Escrow Account proceeds for performance of response actions have been met, and EPA will provide notice to the escrow agent as to the distribution of the funds in the Escrow Account. Settling Defendants are not eligible to receive any funds from the Escrow Account.

    d.  The escrow agreement provides that if the United States and parties performing the remedial action for the  Hylebos Waterway Problem Areas sign a consent decree (hereinafter "RD/RA" consent decree"), and that RD/RA consent decree is entered by the United States District Court, the funds in the Escrow Account shall be disbursed to EPA and/or such performing parties in accordance with directions set forth in the RD/RA consent decree. Notwithstanding the preceding sentence,  the Escrow Account shall not retain funds for more than eighteen (18) months from the Effective Date of this Decree. At the conclusion of eighteen (18) months after the Effective Date, all funds remaining in the Escrow Account,

CONSENT DECREE
Commencement Bay Nearshore/Tideflats
Superfund Site

Page 15

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

1  including interest, shall be disbursed to EPA. All disbursements to EPA from the Escrow

2  Account made pursuant to this Paragraph or the Escrow Agreement shall be made by certified

3  or cashier's check or wire transfer made payable to "EPA Hazardous Substance Superfund"

4  and shall be deposited in the Hylebos Waterway Problem Areas Special Account within the

5  EPA Hazardous Substance Superfund to be retained and used to conduct or finance the

6  response action at or in connection with the Hylebos Waterway Problem Areas. After

7  certification of completion of the Hylebos Waterway remedial action, any balance remaining

8  in the Hylebos Waterway Problem Areas Special Account shall be transferred by EPA to the

9  EPA Hazardous Substance Superfund.

10     8. At the time of payment under Paragraph 5 or, if applicable Paragraph 10 below,

11  each Settling Defendant shall send notice that such payment has been made to:

13  Chief, Environmental Enforcement Section
    United States Department of Justice
    DJ No. 90-11-2-726
14  P.O. Box 7611
    Washington, D.C. 20044-7611

16  Lori Houck Cora
    Assistant Regional Counsel
17  Office of Regional Counsel
    United States Environmental Protection Agency, Region 10
18  ORC-158, 1200 Sixth Avenue
    Seattle, Washington 98101

    Peter Contreras
20  Remedial Project Coordinator
    United States Environmental Protection Agency, Region 10
21  ECL-113
    1200 Sixth Avenue
22  Seattle, Washington 98101

23  Ruth Broome, Finance Section

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

United States Environmental Protection Agency, Region 10
OMP-146
1200 Sixth Avenue
Seattle, Washington 98101

9. The Parties to this Consent Decree recognize and acknowledge that the payment obligations of the Settling Federal Agencies under this Consent Decree can only be paid from appropriated funds legally available for such purpose. Nothing in this Consent Decree shall be interpreted or construed as a commitment or requirement that any Settling Federal Agency obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law.

## VII. FAILURE TO COMPLY WITH CONSENT DECREE

10. a. If any Settling Defendant fails to make full payment of its Total Payment Amount specified in Appendix B or C within the time required by Paragraph 5, Interest shall begin to accrue on the effective date of this Consent Decree on that Settling Defendant's unpaid balance through the date of payment, and that Settling Defendant shall pay stipulated penalties of $1,000 per day for each day such payment is late.

b. Stipulated penalties are due and payable within 30 days of the date of the demand for payment of the penalties by EPA. All payments of stipulated penalties made under this Paragraph shall be identified as "stipulated penalties" and shall be made by certified or cashier's check made payable to "EPA Hazardous Substance Superfund" and shall be deposited in the Hylebos Waterway Problem Areas Special Account within the EPA Hazardous Substance Superfund to be retained and used to conduct or finance the response action at or in connection with the Hylebos Waterway Problem Areas. After certification of completion of the Hylebos Waterway remedial action, any balance remaining in the Hylebos

CONSENT DECREE
Commencement Bay Nearshore/Tideflats
Superfund Site

Page 17

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

Waterway Problem Areas Special Account shall be transferred by EPA to the EPA Hazardous

Substance Superfund. The check, or the letter accompanying the check, shall reference the

name and address of the party(ies) making the payment, the Site name, the site/spill

identification numbers 108N and 107C, and DOJ Case Number 90-11-2-726 and shall be sent

to:

U.S. Environmental Protection Agency
Region 10 Superfund Accounting
P.O. Box 360903M
Pittsburgh, Pennsylvania 15251

11.  If any Settling Defendant fails to comply with any requirement contained in

Section IX (Access/Institutional Controls/Responsibility for Dock and Structure Repair) the

United States may, in addition to any other available remedies or sanctions, bring an action

against that Settling Defendant seeking injunctive relief to compel compliance and/or seeking

civil penalties under Section 122(*l*) of CERCLA, 42 U.S.C. § 9622(*l*), for failure to comply

with this Consent Decree.

12.  If the United States brings an action to enforce this Consent Decree against a

Settling Defendant, that Settling Defendant shall reimburse the United States for all costs of

such action, including but not limited to costs of attorney time.  Payments made under this

Section shall be in addition to any other remedies or sanctions available to Plaintiff by virtue

of such Settling Defendants' failure to comply with the requirements of this Consent Decree.

Notwithstanding any other provision of this Section, the United States may, in its

unreviewable discretion, waive payment of any portion of the stipulated penalties that have

accrued pursuant to this Consent Decree.  Payment of stipulated penalties shall not excuse

such Settling Defendants from payment as required by Section VI. or from performance of any

other requirements of this Consent Decree.

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

## VIII. CERTIFICATION OF SETTLING DEFENDANTS AND SETTLING FEDERAL AGENCIES

13. By signing this Consent Decree, each Settling Defendant certifies, individually, that, to the best of its knowledge and belief, it has:

a. conducted a thorough, comprehensive, good faith search for documents, and has fully and accurately disclosed to EPA and/or the Allocator, all information currently in its possession, or in the possession of its officers, directors, employees, contractors, or agents, which relates in any way to identifying who owned, operated, or controlled the Site, or (2) to the ownership, possession, generation, treatment, transportation, storage, or disposal of a hazardous substance, pollutant, or contaminant at or in connection with the Site;

b. no information that would suggest that its contributions of hazardous substances, pollutants, or contaminants to one or both of the Hylebos Waterway Problem Areas was greater or significantly different than determined in the Allocator Report;

c. not altered, mutilated, discarded, destroyed, or otherwise disposed of any records, documents, or other information relating to its potential liability regarding the Site after notification of potential liability or the filing of a suit against it regarding the Site; and

d. fully complied with any and all EPA requests for information regarding the Site pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e).

14. The certifications contained in Paragraph 13 inure only to the benefit of the United States and the Settling Defendants, and not to any other parties.

15. The United States acknowledges that each Settling Federal Agency (1) is subject to all applicable Federal record retention laws, regulations, and policies; and (2) has certified that it has fully complied with any and all EPA requests for information pursuant to Section

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

104(e) and 122(e) of CERCLA, 42 U.S.C. § 9604(e) and 9622(e), and Section 3007 of RCRA, 42 U.S.C. § 6927.

## IX. ACCESS/INSTITUTIONAL CONTROLS /RESPONSIBILITY FOR DOCK AND STRUCTURE REPAIR

16. If any portion of the the Hylebos Waterway Problem Areas, or any property within the vicinity of the Hylebos Waterway where access and/or land or water use restrictions are needed to implement response actions related to the Hylebos Waterway Problem Areas, is owned or controlled by a Settling Defendant then such Settling Defendant shall:

a. commencing on the date of lodging of this Consent Decree, provide the United States and the State, and their representatives, including EPA and its contractors, and any person and its representatives who are performing response actions under an order or agreement with EPA, with access at all reasonable times to the Hylebos Waterway Problem Areas, or property in the vicinity of the Hylebos Waterway, for the purpose of conducting any activity related to the response action, including, but not limited to, the following activities:

i) Monitoring the response action;

ii) Verifying any data or information submitted to the United States;

iii) Conducting investigations relating to contamination at or near the CB/NT Site or Hylebos Waterway Problem Areas;

iv) Obtaining samples;

v) Assessing the need for, planning, or implementing additional response actions at or near the CB/NT Site or Hylebos Waterway Problem Areas;

vi) Implementing the response action;

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

1            vii)  Investigating whether the Hylebos Waterway Problem Areas, or

2    other property is being used in a manner that is prohibited or restricted, or that may need to be

3    prohibited or restricted to maintain the effectiveness of the remedy selected in the ROD.

4            b.  commencing on the date of lodging of this Consent Decree, and

5    immediately upon receiving notice from EPA or its representative, or any person performing

6    response action under an order or agreement with EPA, refrain from using the Hylebos

7    Waterway Problem Areas, or other property in any manner that may interfere with remedial

8    design or remedial action activities, or may interfere with or adversely affect the

9    implementation, integrity or protectiveness of the remedial measures taken or to be taken

10   related to the Hylebos Waterway Problem Areas so as to achieve the following institutional

11   control objectives:

12           i)  reduce potential exposure of marine organisms to contaminated

13   sediments disposed of and confined in aquatic disposal sites or confined by capping; and

14           ii)  reduce potential exposure of marine organisms to contaminated

15   sediments left in place in the Hylebos Waterway; and

16           c.  thirty (30) days after notice by EPA or its representative, or any person

17   performing remedial action under an order or agreement with EPA, submit a draft restrictive

18   covenant for approval by EPA and within 10 days of EPA approval execute and record in the

19   Recorder's Office or Registry of Deeds or other appropriate office of Pierce County, State of

20   Washington, a restrictive covenant authorized by the Washington Model Toxics Control Act

21   (MTCA) and that complies with the form and content contained in WAC 173-340-440 and is

22   approved by EPA for implementation of institutional controls that are required to assure

23

24

    United States Department of Justice
    Environmental & Natural Resources Division
    Environmental Enforcement Section
    P.O. Box 7611
    Ben Franklin Station
    Washington, D.C. 20044

28

continued protection of human health and the environment or the integrity of the remedial action, or other applicable requirements of this Consent Decree.

d. Future shoreline development projects or in-water development on Owner Settling Defendants' properties may affect the remedial action. Such projects likely will require local, state, and/or federal permits, licenses, or approvals, which Owner Settling Defendants are responsible to apply for and obtain. In the event a project may affect the remedial action, the Owner Settling Defendant shall notify EPA's Project Coordinator of its proposed project.

e. Settling Defendants agree to use all authorities they have to obtain from their tenants, lessees, or other persons that possess a right to occupy any portion of their properties: (1) access for the purposes contained in subparagraph a. of this Section; and (2) implementation of land and/or water use restrictions in accordance with subparagraph b. above.

17. EPA acknowledges that Settling Defendants' properties include operating businesses. EPA acknowledges that the right of access should be exercised at reasonable times and in a way which minimizes interference with the operation of those businesses to the extent practicable. EPA, its representatives, or any persons performing response actions under an order or agreement with EPA shall make reasonable efforts to provide ten (10) working days notice of those areas and the times needed to perform response actions on that Settling Defendant's properties to the Settling Defendants, but the lack of such notice shall not alter in any way Settling Defendants' obligation to provide access under this Section. Notwithstanding any provision of this Consent Decree, the United States retains all of its access authorities and rights, as well as all of its rights to require land/water use restrictions,

CONSENT DECREE
Commencement Bay Nearshore/Tideflats
Superfund Site

Page 22

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

including enforcement authorities related thereto, under CERCLA, RCRA, and any other applicable statute or regulations.

18. In addition to providing access and institutional controls provided above, each Owner Settling Defendant shall participate and cooperate in the remedial design and remedial action with EPA, its representatives, or any persons performing response actions under an order or agreement with EPA to the extent required to facilitate implementation of response actions by others on that Owner Settling Defendant's property within the Hylebos Waterway Problem Area. Each Owner Settling Defendant's participation and cooperation shall include, but not be limited to, the following commitments:

a. upon request by EPA, or any person performing response actions under an order or agreement with EPA, attend meetings, review documents, and provide requested information required by the requestor within five (5) days or such longer time that EPA may approve;

b. if performance of the response action will degrade or adversely affect the integrity of a bulkhead, pier, dock, piling or other structure on an Owner Settling Defendant's property such that EPA determines such degraded condition poses or is likely to pose a threat to public health or the environment, or may become an obstruction to navigation or otherwise violate state or federal law, such Owner Settling Defendant shall rebuild, renovate, or replace any such degraded structure as directed by and within the time frame required by EPA.

c. In accordance with this Section and based on existing information, Sound Refining, Inc. agrees to repair or replace its bulkhead to ensure the effectiveness of the remedy implemented in Sediment Management Area 432 and address any landward cleanup actions, if any, resulting from such repair or replacement. Sound agrees to work cooperatively with

CONSENT DECREE
Commencement Bay Nearshore/Tideflats
Superfund Site

Page 23

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

1    EPA, its contractors or any person performing response actions under an order or agreement

2    with EPA to coordinate bulkhead repair or replacement with the remedial design and remedial

3    action of Sediment Management Area 432. Sound shall select the type or method of bulkhead

4    repair or replacement and its design and construction, consistent with applicable laws.

5            d.   Subject to Paragraph 27 in this Consent Decree, nothing herein waives

6    Owner Settling Defendants' claims for property damage caused by negligence of the parties

7    performing the response action.

8               X. <u>COVENANT NOT TO SUE BY UNITED STATES</u>

9        19. <u>Covenant Not to Sue Settling Defendants by United States.</u> In consideration of

10   the payments and commitments that will be made by the Settling Defendants under the terms

11   of the Consent Decree, and except as specifically provided in Paragraphs 21, 22 and 23 of this

12   Section, the United States covenants not to sue or to take administrative action against

13   Settling Defendants pursuant to Sections 106 and 107(a) of CERCLA and Section 7003 of

14   RCRA relating to the Site. With respect to present and future liability, this covenant not to

15   sue shall take effect for each Settling Defendant upon receipt by the Escrow Account from

16   that Settling Defendant of that Settling Defendant's payments required by Section VI

17   (Payment) and any amount due under Section VII (Failure to Comply with Consent Decree).

18   These covenants are conditioned upon the satisfactory performance by that Settling Defendant

19   of its obligations under this Consent Decree and the veracity of the information provided to

20   EPA and/or the Allocator by that Settling Defendant relating to that Settling Defendant's

21   involvement with the Hylebos Waterway Problem Areas. These covenants not to sue extend

22   only to the Settling Defendants and do not extend to any other person.

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

20. <u>Covenant for Settling Federal Agencies by EPA.</u> In consideration of the payments that will be made by the Settling Federal Agencies under the terms of the Consent DecreeEPA covenants not to take administrative action against the Settling Federal Agencies pursuant to Sections 106 and 107(a) of CERCLA and 7003 of RCRA relating to the Site except as expressly limited in this Paragraph below and in Paragraphs 21, 22, and 23. With respect to present and future liability, this covenant shall take effect for each Settling Federal Agency upon receipt by the Escrow Account from that Settling Federal Agency of that Settling Federal Agency's payments required by Section VI (Payment). EPA's covenant does not include potential administrative claims or action against Settling Federal Agencies for: (1) access to federally-owned property for implementation of response actions, including long-term operation and maintenance; (2) implementation of institutional controls; (3) cooperation in the design and the remedial action by attending meetings and supplying information to facilitate implementation of the remedy; and (4) response actions to rebuild, renovate, or replace degraded structures on federally-owned property that might affect the implementation or performance of the remedy at the Site. EPA's covenant is conditioned upon the satisfactory performance by Settling Federal Agencies of their obligations under this Consent Decree and the veracity of the information provided to EPA by the Settling Federal Agencies relating to the Settling Federal Agencies' involvement with the Hylebos Waterway Problem Areas. EPA's covenant extends only to the Settling Federal Agencies and does not extend to any other person.

21. <u>United States' Pre-certification Reservations.</u> Notwithstanding any other provision of this Consent Decree, the United States reserves, and this Consent Decree is without prejudice to, its right to institute proceedings in this action or in a new action, or to

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

issue an administrative order seeking to compel one or more Settling Defendants, and EPA reserves the right to issue an administrative order seeking to compel the Settling Federal Agencies,

        a.  to perform further response actions relating to the Site or

        b.  to reimburse the United States for additional costs of response if, prior to Certification of Completion of the Remedial Action:

           i)  conditions at the Site, previously unknown to EPA, are discovered, or

           ii)   information, previously unknown to EPA, is received, in whole or in part, and these previously unknown conditions or information together with any other relevant information indicates that the Remedial Action is not protective of human health or the environment.

22.  <u>United States' Post-certification Reservations</u>.  Notwithstanding any other provision of this Consent Decree, the United States reserves, and this Consent Decree is without prejudice to, its right to institute proceedings in this action or in a new action, or to issue an administrative order seeking to compel Settling Defendants, and EPA reserves the right to issue an administrative order seeking to compel the Settling Federal Agencies,

        a.  to perform further response actions relating to the Site or

        b.  to reimburse the United States for additional costs of response if, subsequent to Certification of Completion of the Remedial Action:

           i)  conditions at the Site, previously unknown to EPA, are discovered, or

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

ii) information, previously unknown to EPA, is received, in whole or in part, and these previously unknown conditions or this information together with other relevant information indicate that the Remedial Action is not protective of human health or the environment.

23. For purposes of Paragraph 21, the information and the conditions known to EPA shall include only that information and those conditions known to EPA as of the date of the August, 2000 ESD (August 3, 2000) and set forth in the Record of Decision, as modified by the July 1997 and August 2000 ESD, and the administrative records supporting the Record of Decision and the ESD or contained in EPA-approved remedial design documents as of the effective date of this Consent Decree. For purposes of Paragraph 22, the information and the conditions known to EPA shall include only that information and those conditions known to EPA as of the date of Certification of Completion of the Remedial Action and set forth in the Record of Decision, the administrative records supporting the Record of Decision and July, 1997 and August, 2000 ESD, the post-ROD administrative record, or in any information received by EPA pursuant to the requirements of an Order or Consent Decree for Remedial Design and Remedial Action with other parties prior to Certification of Completion of the Remedial Action.

XI. RESERVATIONS OF RIGHTS BY UNITED STATES

24. The covenant not to sue by the United States set forth in Paragraph 19 and the Covenant by EPA in Paragraph 20 do not pertain to any claims other than those expressly specified in Paragraphs 19 and 20, including but not limited to any civil or criminal claims under other statutes or under other Sections of CERCLA. The United States also reserves and this Consent Decree is without prejudice to, all rights against individual Settling Defendants,

CONSENT DECREE
Commencement Bay Nearshore/Tideflats
Superfund Site

Page 27

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

1    and EPA and Federal Natural Resource Trustees reserve, and this Consent Decree is without

2    prejudice to, all rights against Settling Federal Agencies, with respect to the following claims

3    under Section 106 or 107 of CERCLA:

4         a.   liability for failure to meet a requirement of this Consent Decree, including,

5    but not limited to payment of stipulated penalties or Interest pursuant to Section VI of this

6    Decree or provision of access, institutional controls, necessary participation and cooperation,

7    or structure repair in the response action pursuant to Section IX of this Decree;

8         b.   liability of the Settling Defendants and the United States on behalf of

9    Settling Federal Agencies listed in Appendix C  for their proportionate share of future

10   Response Costs under the conditions and in accordance with the terms specified in Section VI,

11   6.c.(ii) of this Decree and Appendix C to this Decree;

12        c.   liability arising from the past, present, or future disposal, release, or

13   potential threat of a release of a hazardous substance, pollutant, or contaminant to areas

14   outside of the Hylebos Waterway Problem Areas, including releases to upland properties

15   adjacent to the Hylebos Waterway Problem Areas that have not migrated into the Hylebos

16   Waterway Problem Areas as of the date this Consent Decree is lodged with the Court;

17        d.   criminal liability;

18        e.   liability for damages for injury to, destruction of, or loss of natural

19   resources, and for the costs of any natural resource damage assessments within or outside of

20   the Hylebos Waterway Problem Areas;

21        f.   liability arising from the future release or potential threat of a release of a

22   hazardous substance, pollutant, or contaminant at or in the Hylebos Waterway Problem Areas

23   after the date of lodging of this Consent Decree.

24

25   CONSENT DECREE                                          United States Department of Justice
     Commencement Bay Nearshore/Tideflats                   Environmental & Natural Resources Division
26   Superfund Site                                         Environmental Enforcement Section
                                                            P.O. Box 7611
27   Page 28                                                Ben Franklin Station
                                                            Washington, D.C. 20044

28

1

2      25. Notwithstanding any other provision in this Consent Decree, the United States

3  reserves, and this Consent Decree is without prejudice to, the right to reopen or institute

4  proceedings against any individual Settling Defendant in this action or in a new action, and

5  EPA reserves and this Consent Decree is without prejudice to, the right to institute

6  administrative proceedings against any individual Settling Federal Agency, to reimburse the

7  United States for Response Costs, and/or to issue an administrative order to any individual

8  Settling Defendant or Settling Federal Agency seeking to compel that Settling Defendant or

9  Settling Federal Agency to perform response actions relating to the Hylebos Waterway

10  Problem Areas, and/or to reimburse the United States for additional costs of response if:

11          a.  the United States finds that the individual Settling Defendant's, or EPA

12  finds that an individual Settling Federal Agency's, Certifications made in Section VIII of this

13  Decree are untrue or inaccurate in a material way; or

14          b.  information is discovered that indicates that such individual Settling

15  Defendant or Settling Federal Agency contributed hazardous substances to the Hylebos

16  Waterway Problem Areas in such greater amount or such greater toxic or other hazardous

17  effects that EPA determines that  the discovered information materially changes the basis for

18  entering into this settlement with the particular Settling Defendant or Settling Federal Agency.

19

20      26. Notwithstanding any other provision in this Consent Decree, the United States

21  reserves, and this Consent Decree is without prejudice to, the right to institute proceedings

22  against any individual Settling Defendant in this action or in a new action, and EPA reserves

23  and this Consent Decree is without prejudice to, the right to institute an administrative

24

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

1  proceeding against any individual Settling Federal Agency, to reimburse the United States for

2  Response Costs, and/or to issue an administrative order to any individual Settling Defendant

3  or Settling Federal Agency seeking to compel that Settling Defendant or Settling Federal

4  Agency to perform response actions, relating to any other Problem Area or portion of the

5  CB/NT Site.

6  XII. COVENANT NOT TO SUE BY SETTLING DEFENDANTS

7  27. Settling Defendants covenant not to sue and agree not to assert any claims or

8  causes of action against the United States or its contractors or employees with respect to the

9  remedial action at the Hylebos Waterway Problem Areas or this Consent Decree, including,

10  but not limited to:

11  a. any direct or indirect claim for reimbursement from the EPA Hazardous

12  Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42

13  U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

14  b. any claim against the United States arising out of response activities at the

15  Hylebos Waterway Problem Areas, including any claim under the United States Constitution,

16  the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as

17  amended, or at common law; or

18  c. any claim against the United States pursuant to Sections 107 and 113 of

19  CERCLA, 42 U.S.C. §§ 9607 and 9613, relating to the Hylebos Waterway Problem Areas.

20  28. Nothing in this Consent Decree shall be deemed to constitute approval or

21  preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611,

22  or 40 C.F.R. Part 300.700(d).

23

24

25  CONSENT DECREE
   Commencement Bay Nearshore/Tideflats

26  Superfund Site

   Page 30
27

28

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

1    29.  Settling Defendants covenant not to sue and agree not to assert any claims or

2    causes of action against each other with regard to the matters addressed by this Consent

3    Decree pursuant to Sections 107 or 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613.

4    XIII.  EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION

5    30.  Nothing in this Consent Decree shall be construed to create any rights in, or grant

6    any cause of action to, any person not a Party to this Consent Decree.  The United States and

7    each Settling Defendant each reserve any and all rights (including, but not limited to, any right

8    to contribution), defenses, claims, demands, and causes of action which each Party may have

9    with respect to any matter, transaction, or occurrence relating in any way to the Hylebos

10   Waterway Problem Areas or the CB/NT Site against any person not a party to this Consent

11   Decree, except as provided below.  If any Settling Defendant seeks to bring a new action in

12   connection with the Hylebos Waterway Problem Areas, excepting an action brought by a

13   Settling Defendant against its insurance carrier, such Settling Defendant agrees to notify the

14   United States at least sixty (60) days prior to the commencement of the action, and

15   concurrently to provide to EPA all information in its possession relating to the person's

16   involvement at the Hylebos Waterway Problem Areas.

17   31.  In any subsequent administrative or judicial proceeding initiated by the United

18   States for injunctive relief, recovery of Response Costs, or other relief relating to the Hylebos

19   Waterway Problem Areas, Settling Defendants shall not assert, and may not maintain, any

20   defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue

21   preclusion, claim-splitting, or other defenses based upon any contention that the claims raised

22   in the subsequent proceeding were or should have been brought in the instant action;

CONSENT DECREE
Commencement Bay Nearshore/Tideflats
Superfund Site

Page 31

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

1  provided, however, that nothing in this Paragraph affects the enforceability of the covenant

2  not to sue included in Paragraph 19 and the Covenant by EPA in Paragraph 20.

3      32. The Parties agree, and by entering this Consent Decree this Court finds, that each

4  Settling Defendant and the United States, including each Settling Federal Agency is entitled,

5  as of the date of entry of this Consent Decree, to protection from contribution actions or

6  claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. 9613(f)(2), for "matters

7  addressed" in this Consent Decree. The "matters addressed" in this Consent Decree are all

8  response actions taken and to be taken by the United States or by any other entity, and

9  Response Costs incurred in connection with the Hylebos Waterway Problem Areas, including

10  past and future Response Costs incurred and to be incurred by the United States, and past and

11  future Response Costs incurred by any other entities in connection with the Hylebos

12  Waterway Problem Areas, except claims for Settling Defendants' proportionate share of cost

13  overruns reserved against Settling Defendants that pay a 50% premium as set forth in Section

14  VI.6.c.(ii) of this Consent Decree. "Matters addressed" does not include any claims under

15  contractual indemnities or any other private contractual obligations.

16                 XIV. <u>RETENTION OF JURISDICTION</u>

17      33. This Court shall retain jurisdiction over this matter for the purpose of interpreting

18  and enforcing the terms of this Consent Decree.

19

20                 XV. <u>INTEGRATION/APPENDICES</u>

21      34. This Consent Decree and Appendices A, B, C, and D attached hereto constitute

22  the final, complete, and exclusive agreement and understanding among the Parties with

23  respect to the settlement embodied in this Consent Decree. The Parties acknowledge that

24

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

there are no representations, agreements, or understandings relating to the settlement other than those expressly contained in this Consent Decree. "Appendix A" is the list of Settling Defendants and Settling Federal Agencies. "Appendices B and C" show the Total Payment Amount each Settling Defendant and the United States on behalf of the Settling Federal Agencies is required to pay pursuant to this Consent Decree and designates which premium amount (i.e., 100% or 50%) each Settling Defendant and the United States on behalf of the Settling Federal Agencies will pay. "Appendix C" also includes the formulae for calculating the proportionate share of future Response Costs that each Settling Defendant and the United States on behalf of the Settling Federal Agencies paying a 50% premium may pay if the future Response Costs exceed $56,056,407. "Appendix D" includes the escrow agreement for the Escrow Account required in Paragraph 7 of this Consent Decree.

## XVI. PUBLIC COMMENT

35. This Consent Decree shall be lodged with the Court for a period of not less than thirty (30) days for public notice and comment. The United States shall file with the Court any written comments received and the United States' response thereto. The United States reserves the right to withdraw or withhold its consent if comments regarding the Consent Decree disclose facts or considerations that indicate that this Consent Decree is inappropriate, improper, or inadequate. Settling Defendants consent to entry of this Consent Decree without further notice, and the United States reserves the right to oppose an attempt by any person to intervene in this civil action.

## XVII. EFFECTIVE DATE

36. The effective date of this Consent Decree shall be the date of entry by this Court, following public comment pursuant to Paragraph 35.

CONSENT DECREE
Commencement Bay Nearshore/Tideflats
Superfund Site

Page 33

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

## XVIII. SIGNATORIES/SERVICE

37. Each undersigned representative of a Settling Defendant to this Consent Decree and the Assistant Attorney General for the Environment and Natural Resources Division of the United States Department of Justice, or her delegatee, certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such party to this document.

38. Each Settling Defendant hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendants in writing that it no longer supports entry of the Consent Decree.

39. Each Settling Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree. Settling Defendants hereby agree to accept service including, but not limited to, service of a summons, in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court.

SO ORDERED THIS _15_ DAY OF _Sept_, 200**3**

_____
UNITED STATES DISTRICT JUDGE

CONSENT DECREE
Commencement Bay Nearshore/Tideflats
Superfund Site

Page 34

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of United States v. Mary Jane Anderson, et al., relating to the Hylebos Waterway Problem Areas, within the Commencement Bay Nearshore/Tideflats Superfund Site in the City of Tacoma, Pierce County, Washington:

**FOR THE UNITED STATES OF AMERICA**

Date: _2.4.03_

*Tom Sansonetti*
THOMAS L. SANSONETTI
Assistant Attorney General
Environmental and Natural Resources Division
U.S. Department of Justice
Washington, D.C. 20530

Date: _1/30/03_

*Michael McNulty*
MICHAEL J. MCNULTY
Attorney
Environmental Enforcement Section
Environmental and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 514-1210

Date: _____

ROBERT H. FOSTER
Attorney
Environmental Defense Section
Environmental and Natural Resources Division
U.S. Department of Justice
999 18th Street, Suite 945
Denver, CO 80202
(303) 312-7320

CONSENT DECREE
Commencement Bay Nearshore/Tideflats
Superfund Site

Page 35

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

1

2

3 JOHN MCKAY
United States Attorney for the
Western District of Washington

4

5

6

7 Date: 2/26/03

8 BRIAN KIPNIS
Assistant United States Attorney
9 601 Union Street
Suite 5100
10 Seattle, WA 98101
(206) 553-7970

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25 CONSENT DECREE
Commencement Bay Nearshore/Tideflats
26 Superfund Site

27 Page 36

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

28

Date: _22 July 2002_                   _[signature]_
                                       MICHAEL GEARHEARD
                                       Director, Environmental Cleanup Office
                                       Region 10
                                       U.S. Environmental Protection Agency
                                       1200 Sixth Avenue
                                       Seattle, Washington 98101


Date: _July 22, 2002_                  _[signature] Lori Houck Cora_
                                       LORI HOUCK CORA
                                       Assistant Regional Counsel
                                       U.S. Environmental Protection
                                        Agency
                                       1200 Sixth Avenue
                                       Seattle, Washington 98101

CONSENT DECREE                         United States Department of Justice
Commencement Bay Nearshore/Tideflats   Environmental & Natural Resources Division
Superfund Site                         Environmental Enforcement Section
                                       P.O. Box 7611
Page 37                                Ben Franklin Station
                                       Washington, D.C. 20044

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of <u>United States v. Mary Jane Anderson</u>, relating to the Hylebos Waterway Problem Areas within the Commencement Bay Nearshore/Tideflats Superfund Site in the City of Tacoma, Pierce County, Washington:

**FOR MARY JANE ANDERSON**

Date: July 12, 2002

*Mary Jane B. Anderson*
MARY JANE ANDERSON
452 39th Avenue East
Seattle, WA 98112

Agent Authorized to Accept Service on Behalf of Above-Signed Party:

Inger C. Brockman
Montgomery Purdue Blankinship & Austin, PLLC.
5800 Bank of America Tower
701 Fifth Avenue
Seattle, WA 98104-7096
(206)682-7090

CONSENT DECREE
Commencement Bay Nearshore/Tideflats
Superfund Site

Page 38

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of <u>United States v. Mary Jane Anderson</u>, relating to the Hylebos Waterway Problem Areas within the Commencement Bay Nearshore/Tideflats Superfund Site in the City of Tacoma, Pierce County, Washington:

**FOR B&L TRUCKING**
**CAMILLE FJETLAND,**
**and**
**EXECUTIVE BARK**

Date: July 15 2002

EDWARD D. CAMPBELL
Attorney and Representative
9534 14th Avenue N.W.
Seattle, WA 98117

Agent Authorized to Accept Service on Behalf of Above-Signed Party:

Philip B. Grennan
Lee, Smart, Cook, Martin & Patterson, P.S., Inc.
1800 One Convention Place
701 Pike Street
Seattle, WA 98101

Edward D. Campbell
9534 14th Avenue N.W.
Seattle, WA 98117

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of <u>United States v. Mary Jane Anderson</u>, relating to the Hylebos Waterway Problem Areas within the Commencement Bay Nearshore/Tideflats Superfund Site in the City of Tacoma, Pierce County, Washington:

**FOR BOARDMAN WARREN BROWN**

Date: 16 Aug 2002

BOARDMAN WARREN BROWN
550 Bradford
Pacadena, California 91105

Agent Authorized to Accept Service on Behalf of Above-Signed Party:

Inger C. Brockman
Montgomery Purdue Blankinship & Austin, PLLC.
5800 Bank of America Tower
701 Fifth Avenue
Seattle, WA 98104-7096
(206)682-7090

CONSENT DECREE
Commencement Bay Nearshore/Tideflats
Superfund Site

Page 41

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of <u>United States v. Mary Jane Anderson</u>, relating to the Hylebos Waterway Problem Areas within the Commencement Bay Nearshore/Tideflats Superfund Site in the City of Tacoma, Pierce County, Washington:

**FOR BUFFELEN WOODWORKING CO.** (a Washington Corporation)

Date: 2/15/02

_____
JOE D. GUIZZETTI
Chief Executive Officer
P.O. Box 1383
Tacoma, WA 98401

Agent Authorized to Accept Service on Behalf of Above-Signed Party:

Joe D. Guizzetti
Buffelen Woodworking Co.
P.O. Box 1383
Tacoma, WA 98401
(253) 627-1191

Loren R. Dunn
Riddell Williams P.C.
1001 Fourth Avenue
Ste. 4500
Seattle, WA 98154
(206) 624-3600

CONSENT DECREE
Commencement Bay Nearshore/Tideflats
Superfund Site

Page 42

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of United States v. Mary Jane Anderson, relating to the Hylebos Waterway Problem Areas within the Commencement Bay Nearshore/Tideflats Superfund Site in the City of Tacoma, Pierce County, Washington:

**FOR CITY OF TACOMA**
**DEPARTMENT OF PUBLIC UTILITIES**

Date: 7-12-02

MARK CRISSON
Director of Utilities
3628 South 35th Street
P.O. Box 11007
Tacoma, WA 98411
(253) 502-8200

Agent Authorized to Accept Service on Behalf of Above-Signed Party:

G.S. Karavitis
Sr. Assistant City Attorney
Office of the City Attorney
TPU Legal Section
3628 South 35th Street
P.O. Box 11007
Tacoma, WA 98411
(253) 502-8311

Approved As To Form & Legality:

Senior Asst. City Attorney

CONSENT DECREE
Commencement Bay Nearshore/Tideflats
Superfund Site

Page 43

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of <u>United States v. Mary Jane Anderson</u>, relating to the Hylebos Waterway Problem Areas within the Commencement Bay Nearshore/Tideflats Superfund Site in the City of Tacoma, Pierce County, Washington:

**FOR CITY OF TACOMA** (including all departments, divisions, and offices, except Tacoma Public Utilities)

Date: 7/11/02

RAY E. CORPUZ, JR.
City Manager
747 Market Street
Tacoma, WA 98402-3767

Agent Authorized to Accept Service on Behalf of Above-Signed Party:

Robin Jenkinson
City Attorney
747 Market Street
Room 1120
Tacoma, WA 98402-3767

CONSENT DECREE
Commencement Bay Nearshore/Tideflats
Superfund Site

Page 44

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044          ORIGINAL

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of <u>United States v. Mary Jane Anderson</u>, relating to the Hylebos Waterway Problem Areas within the Commencement Bay Nearshore/Tideflats Superfund Site in the City of Tacoma, Pierce County, Washington:

FOR DUNLAP TOWING COMPANY

Date: 7/8/2002

JAMES L. DUNLAP
President
P.O. Box 593
La Conner, WA 98257

Agent Authorized to Accept Service on Behalf of Above-Signed Party:

James L. Dunlap
President
P.O. Box 593
La Conner, WA 98257
(306) 476-3114

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

1  THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of United
   States v. Mary Jane Anderson, relating to the Hylebos Waterway Problem Areas within the
2  Commencement Bay Nearshore/Tideflats Superfund Site in the City of Tacoma, Pierce
   County, Washington:
3

4                              **FOR HYLEBOS MARINA, INC.**

5

6  Date:  7-19-02                                        _Pres_

7                              RON OLINE
                               President
8                              1940 Marine View Drive
                               Tacoma, WA  98422

9  Agent Authorized to Accept Service on Behalf of Above-Signed Party:

10

11         James V. Handmacher
           Bonneville, Viert, Morton &
              McGoldrick
12         820 "A" Street, Ste. 600
           Tacoma, WA  98401

13

14

15

16

17

18

19

20

21

22

23

24

25  CONSENT DECREE                              United States Department of Justice
    Commencement Bay Nearshore/Tideflats        Environmental & Natural Resources Division
26  Superfund Site                              Environmental Enforcement Section
                                               P.O. Box 7611
    Page 46                                     Ben Franklin Station
27                                              Washington, D.C. 20044

28

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of <u>United States v. Mary Jane Anderson</u>, relating to the Hylebos Waterway Problem Areas within the Commencement Bay Nearshore/Tideflats Superfund Site in the City of Tacoma, Pierce County, Washington:

## FOR JUDY JOHNSON

Date: 7·19·02

JUDY JOHNSON
5310 S. Island Drive
Sumner, WA 98390

Agent Authorized to Accept Service on Behalf of Above-Signed Party:

James V. Handmacher
Bonneville, Viert, Morton &
  McGoldrick
820 "A" Street, Ste. 600
Tacoma, WA 98401

CONSENT DECREE
Commencement Bay Nearshore/Tideflats
Superfund Site

Page 47

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of <u>United States v. Mary Jane Anderson</u>, relating to the Hylebos Waterway Problem Areas within the Commencement Bay Nearshore/Tideflats Superfund Site in the City of Tacoma, Pierce County, Washington:

### FOR LOUISIANA-PACIFIC CORP.

Date: July 15, 2002

CURTIS STEVENS
Vice-President and Chief Financial Officer
805 SW Broadway
Portland, OR 97205

Agent Authorized to Accept Service on Behalf of Above-Signed Party:

Bert P. Krages, II
Attorney at Law
6665 S.W. Hampton Street
Suite 200
Portland, Oregon 97223

CONSENT DECREE
Commencement Bay Nearshore/Tideflats
Superfund Site

Page 48

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of United States v. Mary Jane Anderson, relating to the Hylebos Waterway Problem Areas within the Commencement Bay Nearshore/Tideflats Superfund Site in the City of Tacoma, Pierce County, Washington:

**FOR MANKE LUMBER CO., INC.**

Date: 07/18/02

CHARLES MANKE
MANKE LUMBER CO., INC.
1717 Marine View Drive
Tacoma, WA 98422

Agent Authorized to Accept Service on Behalf of Above-Signed Party:

Gregory A. Jacoby, WSBA #18326
McGavick & Graves, P.S.
1102 Broadway, Suite 500
Tacoma, WA 98402
(253) 627-1181

CONSENT DECREE
Commencement Bay Nearshore/Tideflats
Superfund Site

Page 49

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of <u>United States v. Mary Jane Anderson</u>, relating to the Hylebos Waterway Problem Areas within the Commencement Bay Nearshore/Tideflats Superfund Site in the City of Tacoma, Pierce County, Washington:

**FOR MCFARLAND CASCADE HOLDINGS, INC.**

Date: 7/15/02

GREG D. MCFARLAND
Vice President
1640 East Marc
Tacoma, WA 98421

Agent Authorized to Accept Service on Behalf of Above-Signed Party:

Bradley B. Jones
Gordon, Thomas, Honeywell, Malanca, Peterson & Daheim, LLP
1201 Pacific Avenue, Suite 200
Tacoma, Washington 98401-1157
(253) 620-6485

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of <u>United States v. Mary Jane Anderson</u>, relating to the Hylebos Waterway Problem Areas within the Commencement Bay Nearshore/Tideflats Superfund Site in the City of Tacoma, Pierce County, Washington:

### FOR MODUTECH MARINE, INC.

Date: 7-10-02

CARL SWINDAHL
President
2218 Marine View Drive
Tacoma, WA 98422

Agent Authorized to Accept Service on Behalf of Above-Signed Party:

Gregory A. Jacoby, WSBA #18326
McGavick & Graves, P.S.
1102 Broadway, Suite 500
Tacoma, WA 98402
(253) 627-1181

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of <u>United States v. Mary Jane Anderson</u>, relating to the Hylebos Waterway Problem Areas within the Commencement Bay Nearshore/Tideflats Superfund Site in the City of Tacoma, Pierce County, Washington:

**FOR MURRAY PACIFIC CORP.**

Date: July 11, 2002     _Alexander M. Polson II_

ALEXANDER M. POLSON, II.
Executive Vice President
1201 Pacific Avenue, Ste. 1750
Tacoma, WA 98402

Agent Authorized to Accept Service on Behalf of Above-Signed Party:

Bradley B. Jones
Gordon, Thomas, Honeywell, Malanca, Peterson & Daheim, LLP
1201 Pacific Avenue, Suite 200
Tacoma, Washington 98401-1157
(253) 620-6485

CONSENT DECREE
Commencement Bay Nearshore/Tideflats
Superfund Site

Page 52

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of United States v. Mary Jane Anderson, relating to the Hylebos Waterway Problem Areas within the Commencement Bay Nearshore/Tideflats Superfund Site in the City of Tacoma, Pierce County, Washington:

**FOR OLIN CORPORATION**

Date: 7/15/02 ~~mll~~ _Curt M. Richards_

CURT M. RICHARDS
~~Corporate Director~~ VICE PRESIDENT
Environmental, Health and Safety
1186 Lower River Road
P.O. Box 248
Charleston, TN 37310

Agent Authorized to Accept Service on Behalf of Above-Signed Party:

Curt M. Richards
Vice President
Environmental, Health & Safety
Olin Corporation
1186 Lower River Road
P. O. Box 248
Charleston, TN 37310

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of <u>United States v. Mary Jane Anderson</u>, relating to the Hylebos Waterway Problem Areas within the Commencement Bay Nearshore/Tideflats Superfund Site in the City of Tacoma, Pierce County, Washington:

**FOR RON OLINE**

Date:  7-19-02

RON OLINE
3819 Taylor Way East
Tacoma, WA  98424


Agent Authorized to Accept Service on Behalf of Above-Signed Party:

James V. Handmacher
Bonneville, Viert, Morton &
  McGoldrick
820 "A" Street, Ste. 600
Tacoma, WA  98401

CONSENT DECREE
Commencement Bay Nearshore/Tideflats
Superfund Site

Page 54

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of <u>United States v. Mary Jane Anderson</u>, relating to the Hylebos Waterway Problem Areas within the Commencement Bay Nearshore/Tideflats Superfund Site in the City of Tacoma, Pierce County, Washington:

**FOR PAN PACIFIC TRADING**

Date: <u>1|16|02</u>

L. T. MURRAY III
President
1201 Pacific Avenue, Ste. 1750
Tacoma, WA 98402

Agent Authorized to Accept Service on Behalf of Above-Signed Party:

Bradley B. Jones
Gordon, Thomas, Honeywell, Malanca, Peterson & Daheim, LLP
1201 Pacific Avenue, Suite 200
Tacoma, Washington 98401-1157
(253) 620-6485

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of <u>United States v. Mary Jane Anderson</u>, relating to the Hylebos Waterway Problem Areas within the Commencement Bay Nearshore/Tideflats Superfund Site in the City of Tacoma, Pierce County, Washington:

**FOR JOSEPH SIMON & SONS and**
**RAIL & LOCOMOTIVE EQUIPMENT**
**COMPANY**
**(a Division of Joseph Simon & Sons)**

Date: 2-8-02

PHILIP SIMON
President
2200 East River Street
Tacoma, WA 98421

Agent Authorized to Accept Service on Behalf of Above-Signed Party:

Philip Simon
2200 East River Street
Tacoma, WA 98421
(253) 272-9364

CONSENT DECREE
Commencement Bay Nearshore/Tideflats
Superfund Site

Page 56

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of <u>United States v. Mary Jane Anderson</u>, relating to the Hylebos Waterway Problem Areas within the Commencement Bay Nearshore/Tideflats Superfund Site in the City of Tacoma, Pierce County, Washington:

**FOR SOUND REFINING, INC.**

Date: _7/16/02_

GREG TURNER
President
2121 San Jacinto, LB 38
Dallas, TX 75201

Agent Authorized to Accept Service on Behalf of Above-Signed Party:

Bradley B. Jones
Gordon, Thomas, Honeywell, Malanca, Peterson & Daheim, LLP
1201 Pacific Avenue, Suite 200
Tacoma, Washington 98401-1157
(253) 620-6485

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of <u>United States v. Mary Jane Anderson</u>, relating to the Hylebos Waterway Problem Areas within the Commencement Bay Nearshore/Tideflats Superfund Site in the City of Tacoma, Pierce County, Washington:

**FOR SRS PROPERTIES** (a Washington General Partnership)

Date: **7/11/02**

_Sophie Sussman_

SOPHIE SUSSMAN, Partner
c/o Guy J. Sternal
Eisenhower & Carlson, PLLC
1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, WA 98402

Agent Authorized to Accept Service on Behalf of Above-Signed Party:

Guy J. Sternal
Eisenhower & Carlson, PLLC
1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, WA 98402
(252) 572-4500

CONSENT DECREE
Commencement Bay Nearshore/Tideflats
Superfund Site

Page 58

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of <u>United States v. Mary Jane Anderson</u>, relating to the Hylebos Waterway Problem Areas within the Commencement Bay Nearshore/Tideflats Superfund Site in the City of Tacoma, Pierce County, Washington:

**FOR ESTATE OF LESLIE P. SUSSMAN**

Date: _7/11/02_

SOPHIE SUSSMAN, Personal Representative
c/o Guy J. Sternal
Eisenhower & Carlson, PLLC
1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, WA 98402

Agent Authorized to Accept Service on Behalf of Above-Signed Party:

    Guy J. Sternal
    Eisenhower & Carlson, PLLC
    1200 Wells Fargo Plaza
    1201 Pacific Avenue
    Tacoma, WA 98402
    (252) 572-4500

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of <u>United States v. Mary Jane Anderson</u>, relating to the Hylebos Waterway Problem Areas within the Commencement Bay Nearshore/Tideflats Superfund Site in the City of Tacoma, Pierce County, Washington:

**FOR SOPHIE SUSSMAN**

Date: _7/11/02_                     _Sophie Sussman_

SOPHIE SUSSMAN
c/o Guy J. Sternal
Eisenhower & Carlson, PLLC
1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, WA 98402


Agent Authorized to Accept Service on Behalf of Above-Signed Party:

Guy J. Sternal
Eisenhower & Carlson, PLLC
1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, WA 98402
(252) 572-4500

CONSENT DECREE
Commencement Bay Nearshore/Tideflats
Superfund Site

Page 60

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of <u>United States v. Mary Jane Anderson</u>, relating to the Hylebos Waterway Problem Areas within the Commencement Bay Nearshore/Tideflats Superfund Site in the City of Tacoma, Pierce County, Washington:

## FOR CARL AND ELAINE SWINDAHL

Date: 7-10-02

CARL SWINDAHL
c/o Gregory A. Jacoby
McGavick & Graves, P.S.
1102 Broadway, Suite 500
Tacoma, WA 98402

Date: 7/10/02

ELAINE SWINDAHL
c/o Gregory A. Jacoby
McGavick & Graves, P.S.
1102 Broadway, Suite 500
Tacoma, WA 98402

Agent Authorized to Accept Service on Behalf of Above-Signed Party:

Gregory A. Jacoby, WSBA #18326
McGavick & Graves, P.S.
1102 Broadway, Suite 500
Tacoma, WA 98402
(253) 627-1181

CONSENT DECREE
Commencement Bay Nearshore/Tideflats
Superfund Site

Page 61

United States Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

**APPENDIX A**
**United States vs. Mary Jane Anderson, et al., Civ. No. _____**

**Settling Defendants and Settling Federal Agencies**

**Settling Defendants**

1.  Mary Jane Anderson

2.  B&L Trucking

3.  Camille Fjetland

4.  Executive Bark

5.  Boardman Warren Brown

6.  Bufflen Woodworking Company*

7.  City of Tacoma, Dept. of Public Utilities*

8.  City of Tacoma*

9.  Dunlap Towing Company

10. Hylebos Marina, Inc.*

11. Judy Johnson*

12. Louisiana-Pacific Corporation*

13. Manke Lumber Co., Inc.*

14. McFarland Cascade, Inc.

15. Modutech Marine, Inc.*

16. Murray Pacific Corporation

**\* Identifies Owner Settling Defendants**

**United States vs. Mary Jane Anderson, et al.**

**Settling Defendants and Settling Federal Agencies**

**Settling Defendants, cont'd.**

17.   Olin Corporation

18.   Ron Oline*

19.   Pan Pacific Trading

20.   Joseph Simon & Sons*

21.   Rail & Locomotive Equipment Company

22.   Sound Refining, Inc.*

23.   SRS Properties

24.   Estate of Leslie P. Sussman

25.   Sophie Sussman

26.   Carl and Elaine Swindahl*


**Settling Federal Agencies**

27.   Bonneville Power Administration

28.   U.S. Department of Defense

29.   U.S. Department of Navy

30.   U.S. Department of Air Force

31.   U.S. Army Corps of Engineers


**\* Identifies Owner Settling Defendants**

# Appendix B to the Consent Decree in
# United States vs. Mary Jane Anderson, et. al., Civ. No. ____

| Settling Defendant | Past Cost Payment | Future RD/RA Cost Payment | Total Future Cost Payment w. 100% Premium | Total Payment Amount |
|---|---|---|---|---|
| Anderson, Mary Jane | $32,034 | $2,412 | $4,824 | $36,857 |
| B&L Trucking | $72,867 | $4,824 | $9,647 | $82,514 |
| Brown, Boardman W. | $32,034 | $2,412 | $4,824 | $36,857 |
| Buffelen | $384,651 | $250,733 | $438,857 | $823,508 |
| City of Tacoma Public Utilities | $248,880 | $112,368 | $208,842 | $457,722 |
| Dunlap Towing | $0 | $289,987 | $579,409 | $579,409 |
| Hylebos Marina | $36,798 | $4,824 | $9,647 | $46,445 |
| Judy Johnson | $10,011 | $73,660 | $146,015 | $156,026 |
| Louisiana Pacific | $142,149 | $9,647 | $19,295 | $161,444 |
| Manke Lumber | $194,824 | $28,942 | $57,884 | $252,708 |
| McFarland-Cascade | $18,019 | $2,412 | $4,824 | $22,843 |
| Modutech | $20,165 | $2,412 | $4,824 | $24,988 |
| Murray Pacific | $62,009 | $26,795 | $46,090 | $108,099 |
| Olin Corporation | $0 | $2,412 | $4,824 | $4,824 |
| Pan Pacific | $58,061 | $4,824 | $9,647 | $67,708 |
| Ron Oline | $10,011 | $73,660 | $146,015 | $156,026 |
| Sound Refining | $54,005 | $271,650 | $363,301 | $417,306 |
| Sussman/SRS | $316,101 | $1,027,397 | $1,828,131 | $2,144,232 |
| Swindahl, Carl & Elaine | $4,004 | $2,412 | $4,824 | $8,828 |
| Total | $1,696,622 | | $3,891,724 | $5,588,346 |

# Appendix C to the Consent Decree in
## United States vs. Mary Jane Anderson, et. al., Civ. No. _____

| Settling Parties | Past Cost Payment | Future RD/RA Cost Payment | Total Future Cost Payment w. 50% Premium | Total Payment Amount |
|---|---|---|---|---|
| City of Tacoma Public Works | $140,096 | $213,528 | $319,567 | $459,663 |
| Joseph Simon & Sons/R&L | $77,794 | $530,829 | $786,485 | $864,280 |
| United States | $1,917,636 | $4,739,055 | $6,605,827 | $8,523,463 |
| Total | $2,135,526 | | $7,711,880 | $9,847,406 |

If actual future total response costs exceed the cost estimate for future response cost of $546,056,407 used in the allocation process, then the parties listed above shall contribute proportionally to the cost exceedance in the amount to be determined by the following formulas:

For City of Tacoma Public Works, the formula shall be
    (Actual Future Total Response Cost minus $56,056,407) X 0.4397% = additional contribution

For Joseph Simon & Sons/R&L, the formula shall be
    (Actual Future Total Response Cost minus $56,056,407) X 1.06% = additional contribution

For United States, the formula shall be
    (Actual Future Total Response Cost minus $56,056,407) X 7.74% = additional contribution

29-01-03 11:24

**Appendix D to the Consent Decree in
United States vs. Mary Jane Anderson, et al., Civ. No. _____**

# ESCROW AGREEMENT

This Escrow Agreement ("Agreement") is made as of _____, 2002, by those parties, other than the Settling Federal Agencies, listed as "Settling Defendants" on Exhibit A to the Consent Decree filed with United States District Court for the Western District of Washington under Cause No. _____ ("Funding Parties") and KeyBank National Association ("Bank").

## RECITALS

A.      Certain Settling Defendants, including the Funding Parties hereunder, have entered into the Consent Decree with the United States with regard to payment of certain Response Costs in connection with the Hylebos Waterway Problem Areas, Commencement Bay Nearshore/Tideflats Superfund Site, Tacoma, Washington.

B.      All capitalized terms not otherwise defined in this Agreement shall have the meanings given them in the Consent Decree.

C.      Pursuant to the Consent Decree, the Funding Parties are required to contribute certain payments according to Appendices B or C to the Consent Decree ("Total Payment Amount").

D.      Also pursuant to the Consent Decree, the Funding Parties have agreed to deposit the Total Payment Amount into an escrow account, the funds to be held therein for distribution at the direction of the United States Environmental Protection Agency ("EPA").

E.      The Bank has agreed to serve as depositary for such escrow account and to accept appointment as escrow agent.

F.      The Funding Parties and the Bank have agreed as set forth below concerning the establishment and operation of such escrow account.

## AGREEMENT

1.      **Establishment of Escrow Account**. The Bank is hereby appointed as the Escrow Agent for the Funding Parties and is designated the depositary for the Total Payment Amount delivered by the Funding Parties pursuant to the Consent Decree. The Bank shall establish the "Hylebos Waterway Problem Areas Escrow Account" ("Escrow Account"), into which shall be deposited the Total Payment Amount delivered by the Funding Parties.

2.      **Purpose**. The exclusive purposes of the Escrow Account are to (a) receive payments of the Total Payment Amount from the Funding Parties and the Settling Federal Agencies, as provided in Paragraph 5 of the Consent Decree; (b) earn interest thereon; and (c) provide funds to pay response costs incurred by the EPA and other authorized parties for actions taken or to be taken in connection with the Hylebos Waterway Problem Areas. The

- 1 -

Funding Parties intend to irrevocably transfer and relinquish control and possession of the Total Payment Amount so as to qualify the Escrow Account as a "qualified settlement fund" pursuant to Internal Revenue Code Section 468B and the regulations promulgated pursuant thereto.

3. **Delivery of Funds.** In accordance with the payment provisions of the Consent Decree, the Funding Parties shall absolutely and irrevocably deliver to the Bank the Total Payment Amount required to be provided pursuant to the Consent Decree. The Bank shall provide the EPA with written notice of each deposit, including the identity of the Funding Party making the deposit and the amount thereof.

4. **Investment of Escrow Account.** The funds held in the Escrow Account shall be invested in such instruments that will generate non-taxable interest on the funds. The Bank and the Funding Parties agree that funds held in the Escrow Account shall be invested in the Victory Tax-Free Money Market Fund, an instrument which the Bank and Funding Parties agree is consistent with this Agreement. To the greatest degree feasible, the investment instruments shall (a) provide such liquidity as will permit immediate distribution of the funds upon EPA notice and approval of any disbursement; (b) provide a guaranteed rate of return sufficient to cover all expenses and fees of the Escrow Account without reduction of principal; and (c) protect against loss of the principal of the Total Payment Amount deposited in the Escrow Account.

5. **Interest on Funds.** Interest on the funds deposited shall accrue and be added to the principal amount to be distributed in accordance with the provisions of the Consent Decree and this Agreement.

6. **Distribution of Funds.** If the United States and parties performing the remedial action for the Hylebos Waterway Problem Areas sign a consent decree (hereinafter "RD/RA consent decree"), and that RD/RA consent decree is entered by the United States District Court, the funds in the Escrow Account shall be disbursed to EPA and/or such performing parties in accordance with directions set forth in the RD/RA consent decree. The EPA, in its sole discretion, shall determine whether the conditions for distribution of the Escrow Account proceeds for performance of response actions have been met. The EPA shall provide notice to the Bank as to the distribution of the funds in the Escrow Account pursuant to such form as the EPA and the Bank shall agree. The Funding Parties and Bank acknowledge and agree that the Bank shall make an initial distribution to the EPA Hylebos Waterway Problem Areas Special Account, in conformance with Paragraph 7.d. of the Consent Decree and to the address provided in Paragraph 10.b. of the Consent Decree, in the amount of $434,733.00, when deposits to the Escrow Account equal or exceed such amount after payment of applicable fees.

7. **Protection from Third Party Claims.** The Bank and the Funding Parties shall take all reasonable steps to safeguard the Escrow Account from any competing claims from third-parties, including any creditors of the Funding Parties.

8. **Termination of Escrow Account.** As set forth in Paragraph 7.d. of the Consent Decree, the Escrow Account shall terminate upon the earlier of (a) eighteen (18) months from the Effective Date of the Consent Decree; or (b) distribution of the entire contents of the Escrow Account in accordance with Paragraph 6. above. In the event (a) applies, the Bank shall distribute all remaining funds, including accrued interest to EPA Hylebos Waterway Problem Areas Special Account.

9. **Fees to Bank**. The fees to be paid to the Bank for the services provided hereunder shall be reasonable and calculated as set forth on the Bank's standard schedule of service charges now in force or hereafter amended in the ordinary course of business. The Bank will provide such schedule to any of the Funding Parties upon request. Any fee paid to the Bank shall be deducted from the return generated by the investment of the Total Payment Amount. In no event shall principal be used to pay fees.

10. **Statements of Account**. Account statements shall be rendered by the Bank to the Funding Parties and the EPA once monthly, and shall show deposits, disbursements, and balances, and the dates thereof. Upon full distribution of the Escrow Account the Bank shall prepare a final accounting and provide such accounting to the Funding Parties and EPA at the addresses shown below.

11. **No Bank Responsibility for Consent Decree**. It is understood and agreed that the Bank shall not be liable or responsible to ascertain the terms or conditions of any provision of the aforementioned Consent Decree between the Funding Parties and the EPA. It is further understood and agreed that if any controversy arises between the EPA and the Funding Parties, or with any other party with respect to the subject matter of this Agreement, the Bank is authorized, unless precluded by order of a court of competent jurisdiction, to disburse monies to, or upon the authorization of, the EPA in accordance with the terms of this Agreement.

12. **Notices**. All notices, requests, demands, and other communications required or permitted to be given under this Agreement shall be deemed to have been duly given if in writing and delivered personally, given by prepaid telegram, or mailed by first-class (postage pre-paid), registered, or certified mail, as follows:

| | |
|---|---|
| Funding Parties | To the Addresses listed with the signatures below |
| The EPA | Environmental Protection Agency<br>1200 Sixth Ave.<br>Seattle, WA 98101<br>Attn: Lori Houck Cora, Assistant Regional Counsel |
| The Bank | Linda J. Hayes, Relationship Manager<br>KeyBank National Association<br>1101 Pacific Ave.<br>Tacoma, WA 98402 |

13. **Title to Escrow Account**. Nothing in this Agreement shall be considered as vesting title in the Bank to the amount deposited in the Escrow Account, except as Escrow Agent for the Funding Parties for the purposes set forth herein.

14. **Effective Date**. This Agreement shall take effect upon the initial deposit of funds into the Escrow Account by any individual Funding Party and shall continue in full force until the funds have been fully disbursed.

15. **Modification**. This Agreement may not be amended, except by written modification signed by the parties hereto.